IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD H. POSYTON, III, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-3686 |
| | : | |
| v. | : | |
| | : | |
| KUTZTOWN AREA TRANSPORT | : | |
| SERVICE, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                    August 9, 2016

The *pro se* plaintiff, a former student at Kutztown University, has filed for leave to proceed *in forma pauperis* in this action brought under 42 U.S.C. § 1983 against an ambulance company for allegedly transporting him to the hospital on two occasions in 2013 after the police encountered him while he was admittedly intoxicated on university property.  He claims that the ambulance company and the university had a policy or custom regarding transporting underage students to the hospital if they had a .02 blood alcohol level and, by the ambulance company transporting him to the hospital without his consent, it violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution.  He also appears to assert a state-law claim for intentional infliction of emotional distress.

Regarding the plaintiff's request to proceed *in forma pauperis*, the court will grant the request as it appears that he cannot pay the costs of filing this lawsuit.  As for the court's screening of the complaint under 28 U.S.C. § 1915(e)(2), a two-year statute of limitations applies to the plaintiff's causes of action.  The allegations in the complaint show that the plaintiff suffered his injuries during the fall 2013 semester at the university and he was aware of his

injuries at that time, even if he was unaware of the alleged unlawfulness of the conduct leading to the injuries until a much later date.  Thus, the statute of limitations on his claims in this case started to run when he suffered his injuries (and knew he suffered his injuries) in 2013.  The plaintiff did not file this action until July 2016.

Although dismissals during a section 1915(e)(2) review based on the statute of limitations are an infrequent occurrence, dismissal is appropriate here because the defense is obvious from the allegations in the complaint and no further factual development is required.  Therefore, because the plaintiff did not commence this action until July 2016, which was well beyond the two-year statute of limitations applicable to his claims, the statute of limitations bars this action and the court will dismiss the case with prejudice.  Although the court ordinarily will *sua sponte* provide a *pro se* plaintiff leave to amend a civil rights complaint, the court will not do so in this case because the court finds that doing so would be futile.

## I.      ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Ronald H. Posyton, III, commenced this action by filing an application to proceed *in forma pauperis* (the "IFP Application") and a complaint asserting claims against the defendant, Kutztown Area Transport Service, Inc. ("KATS"), on July 5, 2016. Doc. No. 1.  In the complaint, the plaintiff alleges that he is 21 years old, resides in New Jersey, and formerly attended Kutztown University ("Kutztown").  Complaint at ¶ 4.  He asserts that KATS is a medical emergency transport service located in Reading, Pennsylvania.  *Id.* at ¶ 6.[1] The plaintiff alleges that during the time that he attended Kutztown, "THE STATE" (1) implemented a custom and policy of transporting underage Kutztown students with a 0.02 blood alcohol level to the hospital, and (2) "corroborated with KATS[] and used KATS as a transport

---

[1] There is no paragraph 5 in the complaint.

vehicle."[2]  *Id.* at ¶ 8.  The plaintiff learned on approximately June 20, 2016, that "THE STATE and KAT[S] had ceased its custom of transporting students to hospitals, and that their actions were unconstitutional."  *Id.* at ¶ 15.

As for the plaintiff's purported experiences with this formerly-implemented policy or custom, he asserts that he originally attended Kutztown for the fall 2013 semester.  *Id.* at ¶ 7.  On August 29, 2013, police officers approached him while he was seated on a bench outside of his dorm.[3]  *Id.* at ¶ 9.  The officers realized that the plaintiff was intoxicated and informed him that KATS would transport him to the hospital even though he did not want to go to the hospital.[4]  *Id.* Despite his protests, a KATS ambulance arrived at the dorm and he was "involuntarily placed inside of the ambulance."  *Id.* at ¶ 10.  While inside of the ambulance, KATS "forcefully placed medical tools and an IV into [his] person" and then transported him to a hospital.  *Id.*

A second incident apparently occurred on September 6, 2013, when the plaintiff was stopped by a police officer while walking towards his dorm room.  *Id.* at ¶ 11.  After the officer realized that the plaintiff was intoxicated, the officer informed him that KATS would transport him to the hospital.  *Id.* As with the August 29th incident, the plaintiff informed the officer that he did not want KATS to transport him to the hospital.  *Id.*

Despite the plaintiff's wishes to the contrary, the KATS ambulance arrived at his dorm, and he was involuntarily placed inside of the ambulance.  *Id.* at ¶ 12.  Although KATS's employees attempted to force an IV into the plaintiff's arm, he refused to allow KATS's employees to touch him with any hospital tools.  *Id.*  The plaintiff was nevertheless transported

---

[2] The plaintiff does not identify who "THE STATE" is.  Presumably, the plaintiff is referring Kutztown's status as a State university in the Commonwealth of Pennsylvania.
[3] The court acknowledges that the plaintiff did not reference the year of this incident in the complaint, but the only reasonable inference from the allegations is that the incidents referenced in the complaint occurred in 2013, after the plaintiff started attending Kutztown.
[4] Presumably, the plaintiff was under the age to legally drink in the Commonwealth of Pennsylvania as these events occurred almost three years before the filing of this action and the plaintiff alleges that he is currently 21 years old.

to a hospital.  *Id.*  The plaintiff "refused to be placed in a hospital bed, and instead chose to sit in a chair outside a medical room." *Id.* at ¶ 13.

Days after the two incidents, the plaintiff received a bill for KATS's services that totaled more than $3,000.  *Id.* at ¶ 14.  As a result, the plaintiff "was forced to go to court and pay [KATS's] hospital bills." *Id.*

Based upon the above-referenced allegations, the plaintiff asserts causes of action under 42 U.S.C. § 1983 for violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.  *Id.* at 2-4.  He also appears to assert an intentional infliction of emotional distress claim (but claims he is doing so under section 1983).  *Id.* at 4.  He avers that due to KATS's "wrongdoings" he suffered "injuries of body and mind; adverse reputation; humiliation; irreparable, tangible, and opportunity harm; emotional distress, depression, and loss of enjoyment of life."  *Id.* at ¶ 28.  He therefore seeks compensatory and punitive damages, declaratory relief, and attorney's fees and costs.  *Id.* at 4.

## II.     DISCUSSION

### A.     IFP Application

Regarding motions to proceed *in forma pauperis*, the court notes that

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a).[5]  This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files

---

[5] "The reference to prisoners in § 1915(a)(1) appears to be a mistake.  *In forma pauperis* status is afforded to all indigent persons, not just prisoners."  *Douris v. Middletown Twp.*, 293 F. App'x 130, 132 n.1 (3d Cir. 2008).

a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. [*Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris*, 293 F. App'x at 131-32 (footnote omitted).

When addressing motions to proceed *in forma pauperis* under section 1915, district courts undertake a two-step analysis:  "First, the district court evaluates a litigant's financial status and determines whether [he or she] is eligible to proceed *in forma pauperis* under § 1915(a).  Second, the court assesses the complaint under § 1915[(e)(2)] to determine whether it is frivolous." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990) (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)).[6]

Concerning the litigant's financial status, the litigant must establish that he or she is unable to pay the costs of suit.  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  Generally, where a plaintiff files an affidavit of poverty, the district court should accord the plaintiff a preliminary right to proceed *in forma pauperis*.  *Lawson v. Prasse*, 411 F.2d 1203, 1203 (3d Cir. 1969) (citing *Lockhart v. D'Urso*, 408 F.2d 354 (3d Cir. 1969)).

"In this Circuit, leave to proceed in forma pauperis is based on a showing of indigence. We review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed in forma pauperis." *Deutsch*, 67 F.3d at 1084 n.5 (internal citation omitted).  The decision whether to grant leave to proceed on appeal *in forma pauperis* depends solely on whether the applicant is economically eligible; the

---

[6] The *Roman* court referenced the former version of 28 U.S.C. § 1915(d), which stated that "[t]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1990) (redesignated as 28 U.S.C. § 1915(e) by the Prison Litigation Reform Act, Pub. L. No. 104-135, 110 Stat. 1321 (1996)).  The portion of section 1915(d) allowing district courts to dismiss frivolous *in forma pauperis* complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i).  *See* 28 U.S.C. § 1915(e)(2)(B)(i) (stating frivolous nature of *in forma pauperis* complaint is ground for dismissal).

court should generally not consider whether the action or appeal is frivolous. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) (agreeing that "the general rule is that 'the commencement or filing of the suit (under [§] 1915(a)) depends solely on whether the affiant is economically eligible'" (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976))).

The Third Circuit does not define what it means for a party to be indigent under section 1915. Nonetheless, "[a] plaintiff need not 'be absolutely destitute to enjoy the benefit of the statute.'" *Mauro v. New Jersey Supreme Court, Case No. 56, 900*, 238 F. App'x 791, 793 (3d Cir. 2007) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Potnick v. Eastern State Hosp.*, 701 F.2d 243 (2d Cir. 1983); *Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980). Some courts have explained that all a plaintiff needs to do is to show that because of his or her poverty, he or she cannot afford to pay for the costs of the litigation and provide himself or herself (or his or her family) with the necessities of life. *See, e.g.*, *Rewolinski v. Morgan*, 896 F. Supp. 879, 880 (E.D. Wis. 1995) ("An affidavit demonstrating that the petitioner cannot, because of his poverty, provide himself and any dependents with the necessities of life is sufficient."); *Jones v. State*, 893 F. Supp. 643 (E.D. Tex. 1995) ("An affidavit to proceed *in forma pauperis* is sufficient if it states that one cannot, because of poverty, afford to pay for the costs of litigation and still provide for him- or herself and any dependents.").

Here, after reviewing the IFP Application, it appears that the plaintiff is unable to pay the costs of suit. Therefore, the court grants the plaintiff leave to proceed *in forma pauperis*.

**B.**     **Review of the Complaint Under 28 U.S.C. § 1915**

**1.**     **Grounds for *Sua Sponte* Dismissal Under 28 U.S.C. § 1915(e)(2)(B)**

Because the court has granted the plaintiff leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").  A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  In reviewing a *pro se* plaintiff's complaint, the court must liberally construe the allegations in the complaint.  *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011) ("[W]hen presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally." (citation and internal quotation marks omitted)).

Regarding the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  Thus, to survive dismissal, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). Thus, to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the court must take the following steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 675, 679).

### 2.    Analysis

The primary issue with allowing this case to proceed further is that it appears on the face of the complaint that the plaintiff's causes of action are barred by the applicable statute of limitations. Although the Third Circuit Court of Appeals has not yet done so through a precedential decision, the court has repeatedly stated in non-precedential decisions that even though "the statute of limitations is an affirmative defense [under Rule 8(c) of the Federal Rules of Civil Procedure], a district court may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required." *Peele v. McLaughlin*, -- F. App'x --, 2016 WL 737715, at *1 (3d Cir. Feb. 25, 2016); *see Thornton v. Hens-Greco*, 629 F. App'x 251, 254 n.5 (3d Cir. 2015) (same); *Trimble v. Shaw*, 576 F. App'x 88, 90 (3d Cir. 2014) (same). Other courts of appeals have decided similarly in precedential decisions. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense—such as

statute of limitations—only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." (quotations omitted)); *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995) (addressing appeal of dismissal of *pro se* lawsuit under former § 1915(d) "on the ground that the expiration of the applicable . . . statute of limitations made it clear that the suit lacked 'any arguable basis in law'" and concluding that a district court may dismiss a case under § 1915(d) when a defense, such as the statute of limitations, appears on the face of the complaint); *Street v. Vose*, 936 F.2d 38, 39 (1st Cir. 1991) (holding that district court properly dismissed *pro se* complaint on statute of limitations grounds under former § 1915(d)); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648 (explaining that a district court's screening authority under § 1915(e)(2) "differentiates *in forma pauperis* suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered *sua sponte*").

As for the applicable statute of limitations for section 1983 actions,

[t]he length of the statute of limitations . . . is governed by the personal injury tort law of the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). The statute of limitations for a § 1983 claim arising in Pennsylvania is two years. 42 Pa. Cons. Stat. § 5524(2); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 189-90 (3d Cir. 1993). Federal law governs a cause of action's accrual date. *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991). Under federal law, a cause of action accrues, and the statute of limitations begins to run, "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted); *see also Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known. *Barren v. United States*, 839 F.2d 987, 990 (3d Cir. 1988). As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury. *See United States v. Kubrick*, 444 U.S. 111, 120, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). "The cause of action accrues even though the full extent of the injury is not then known or predictable. Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the

sole hands of the party seeking relief." *Wallace*, 549 U.S. at 391, 127 S.Ct. 1091 (internal quotation marks and citations omitted).

*Kach v. Hose*, 589 F.3d 626, 634-35 (3d Cir. 2009).[7]

In this case, it is obvious from reading the complaint that all of the complained-of acts occurred well prior to two years before the plaintiff commenced this action on July 5, 2016. In this regard, the reasonable inferences from the plaintiff's allegations are that KATS transported him to the hospital without his consent in August and September 2013.[8] Complaint at ¶¶ 9-13. During the August 2013 incident, KATS employees also "forcefully placed medical tools and an IV into" the plaintiff. *Id.* at ¶ 10. The plaintiff also alleges that "**[d]ays after the two incidents**, [he] received a bill for [KATS's] services that totaled more than $3,000." *Id.* at ¶ 14. Thus, based upon the plaintiff's own allegations, he knew of his potential injuries – being allegedly unconstitutionally seized or imprisoned and placed inside an ambulance without due process and being forced to receive IV fluids during one incident – more than two years before he filed this action.

To the extent that the plaintiff would attempt to argue that his causes of action did not accrue until he learned that KATS's actions were unconstitutional on June 20, 2016, this would also not save this action because the limitations period runs from the date of awareness of the injury and not from the recognition of a violation of any constitutional or civil rights.[9] *See*

---

[7] Under Pennsylvania law, the two-year statute of limitations does not begin to run until "the plaintiff knows, or should know, (1) that he has been injured, and (2) that his injury has been caused by another party's conduct.'" *Sherfey v. Johnson & Johnson*, No. 12-4162, 2014 WL 715518, at *12 (E.D. Pa. Jan. 29, 2014) (citing *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983)).

[8] The court finds that there is no way to liberally construe these allegations to refer to a year other than 2013.

[9] Under Pennsylvania law,

    "'in some circumstances, although the right to institute suit may arise, a party may not, despite the exercise of due diligence, reasonably discover that he has been injured.'" *Haugh v. Allstate Ins. Co.*, 322 F.3d 227, 231 (3d Cir.2003) (quoting *Crouse v. Cyclops Industries*, 560 Pa. 394, 745 A.2d 606, 611 (2000)). In such cases, the discovery rule will serve to toll "the running of the applicable statute of limitations until the complaining party knows or reasonably should know that

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994) ("[A] claim accrues in a federal cause of action upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong."); *see also Ormsby v. Luzerne Cty. Dep't of Pub. Welfare Office of Human Servs.*, 149 F. App'x 60, 63 (3d Cir. 2005) (rejecting claim by *pro se* litigant proceeding *in forma pauperis* under section 1915 that "the statute of limitations should be tolled . . . under Pennsylvania's discovery rule until . . . when she obtained all of the facts surrounding her claims and 'realized' that the defendants had 'violat[ed] her constitutional and civil rights")  (alteration in original)).  As indicated above, the plaintiff was well aware of his injuries, *i.e.* his involuntary transportation to the hospital and the placement of the I.V. well prior to two years before he commenced this action.  The plaintiff's learning that KATS had ceased its policy or custom and that KATS's actions were supposedly unconstitutional in June 2016 does not save his claims because he was aware of his injuries in 2013.  Therefore, the two-year statute of limitations bars the plaintiff's causes of action under section 1983.

With respect to the plaintiff's cause of action for intentional infliction of emotional distress, the plaintiff appears to assert that he is using section 1983 as the vehicle to bring the claim.  *See* Complaint at 4.  To the extent that such a cause of action is even cognizable, the statute of limitations would bar the plaintiff's claim.[10]  Nonetheless, to the extent that the plaintiff is attempting to assert a cause of action for intentional infliction of emotional distress

---

[s]he has been injured and that [her] injury has been caused by another party's conduct." *Crouse*, 745 A.2d at 611.

*Ormsby v. Luzerne Cty. Dep't of Pub. Welfare Office of Human Servs.*, 149 F. App'x 60, 62-63 (3d Cir. 2005).

[10] The court is unaware of any precedential decision finding that a plaintiff may bring a claim for intentional infliction of emotional distress under section 1983.  The court recognizes that the plaintiff can seek to recover damages for emotional distress in certain section 1983 actions.  *See Carey v. Piphus*, 435 U.S. 247 (1978) (concluding that plaintiff may recover for emotional distress caused by the deprivation of due process without proof of physical injury).  *But see Fontroy v. Owens*, 150 F.3d 239, 244 (3d Cir. 1998) (concluding in action brought under section 1983 for Eighth Amendment violations that "[f]ederal law does not provide inmates, who suffer no present physical injury, a cause of action for damages for emotional distress allegedly caused by exposure to asbestos").

under Pennsylvania law, the same general analysis applies.   The statute of limitations in Pennsylvania is two years for intentional infliction of emotional distress claims.  *See* 42 Pa. C.S. § 5524(7) (providing a two-year limitation for "[a]ny other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter"); *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003) ("Garvin's [Pennsylvania] state law claims for assault and battery and intentional infliction of emotional distress are governed by a two-year statute of limitations."); *Aquilino v. Philadelphia Catholic Archdiocese*, 884 A.2d 1269, 1275 (Pa. Super. 2005) (explaining that causes of action for "intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, battery, false imprisonment, fraudulent concealment, negligence per se, common law duty of reasonable care, breach of fiduciary duty, and respondeat superior" have a two-year limitations period).

In addition, regarding the running of the limitations period,

[a]s a matter of general rule, a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period. Thus, the statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations, even though a person may not discover his injury until it is too late to take advantage of the appropriate remedy, this is incident to a law arbitrarily making legal remedies contingent on mere lapse of time. Once the prescribed statutory period has expired, the party is barred from bringing suit unless it is established that an exception to the general rule applies which acts to toll the running of the statute.

*Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.,* 468 A.2d 468, 471 (Pa. 1983) (citations omitted).

As with the plaintiff's section 1983 claims, the plaintiff knew what happened to him in 2013, namely his involuntary transportation to the hospital on two occasions and the placement of the IV into his arm during one occasion.  The fact that the plaintiff did not learn about KATS discontinuing its "custom" of transporting students and the alleged unconstitutionality of its action until June 20, 2016 does not bring the case into the two-year period.  Additionally, the discovery rule again does not save the plaintiff's claim because, to the extent the plaintiff alleges he was injured, he knew or reasonably should have known about his injuries in 2013 and that KATS caused his alleged injuries.  Moreover, the court has not found any other tolling principle that would save this cause of action (or his other causes of action).[11]  Therefore, the two-year statute of limitations also bars the plaintiff's cause of action for intentional infliction of emotional distress to the extent he is attempting to assert a cause of action under Pennsylvania law.

### 3.     Leave to Amend

A district court should generally provide a *pro se* plaintiff with leave to amend unless an amendment would be inequitable or futile.  *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  Here, as explained above, the statute of limitations bars the plaintiff's causes

---

[11] For example, the doctrine of fraudulent concealment is an exception that would toll the running of the statute of limitations, and this doctrine

> is based on a theory of estoppel, and provides that the defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts. The doctrine does not require fraud in the strictest sense encompassing an intent to deceive, but rather, fraud in the broadest sense, which includes an unintentional deception. The plaintiff has the burden of proving fraudulent concealment by clear, precise, and convincing evidence. While it is for the court to determine whether an estoppel results from established facts, it is for the jury to say whether the remarks that are alleged to constitute the fraud or concealment were made.

*Fine v. Checcio*, 870 A.2d 850, 860 (Pa. 2005).  Additionally, "in order for fraudulent concealment to toll the statute of limitations, the defendant must have committed some affirmative independent act of concealment upon which the plaintiff justifiably relied." *Baselice v. Franciscan Friars Assumption BVM Province, Inc.*, 879 A.2d 270, 278 (Pa. Super. 2005) (citation and quotations omitted).

13

of action in this case and the court finds that any attempt to amend would be futile.  As such, the court will not grant leave for the plaintiff to file an amended complaint.

## C.      CONCLUSION

Through his affidavit in support of his application to proceed *in forma pauperis*, the plaintiff has demonstrated that he cannot pay the costs of filing this action and the court will grant him leave to proceed *in forma pauperis*.   Nevertheless, pursuant to the court's screening responsibilities for plaintiffs proceeding *in forma pauperis*, the court has reviewed the allegations in the complaint and finds that statute of limitations bars the five causes of action under 42 U.S.C. § 1983 for purported violations of the plaintiff's Fourteenth Amendment rights and any purported cause of action for intentional infliction of emotional distress under Pennsylvania law.  The court recognizes that dismissals at this stage of the litigation based on a statute of limitations bar are rare, but the defense is obvious from the face of the complaint and no further factual record is required to be developed.  Accordingly, the court will dismiss this action with prejudice and will not provide the plaintiff with leave to amend.

The court will issue a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.